IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SYLVESTER R. BOOKER,

    Petitioner,

v.    Civil Action No. 3:09CV635
    Criminal Action No. 3:99CR95

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

The matter is before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 submitted by Sylvester Booker.

### I. PROCEDURAL HISTORY

On October 29, 1999, the Court sentenced Sylvester Booker to a 324-month term of imprisonment. In March 2001, on a motion of the United States, the Court reduced Booker's sentence to 180 months of imprisonment. By Memorandum Opinion and Order entered on January 12, 2006, the Court denied a 28 U.S.C. § 2255 motion by Booker. Thereafter, on April 2, 2008, Booker filed a motion seeking relief under 18 U.S.C. § 3582(c)(2). On January 23, 2009, the Court granted Booker's § 3582(c)(2) motion and reduced his sentence to 145 months of imprisonment.

On September 15, 2009, Booker filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 with the United States District Court for the Eastern District of New York ("the New York Court"). Because the § 2241 petition challenged the imposition of

Booker's sentence, the New York Court determined that the action must proceed by way of 28 U.S.C. § 2255 and transferred the action to this Court.

In his § 2241 Petition, Booker raises two claims:

Claim One   The Court erred in sentencing Booker because "the defendant was not the lead defendant and therefore could not be charged with enhancement when no evidence was presented through discovery that he was a leader." (§ 2241 Pet. 1.)

Claim Two   "[T]he district court erred in imposing a five year term of supervised relief under 18 U.S.C. § 3559(a)(3) and 3553(d)(2) calls for a term of no more term of no more th[a]n 3 years." (Id. at 2.)

Booker also "asks the court to re-calculate his amended guideline range pursuant to Amendments 706 & 711 and U.S.S.G. § 1B1.10." (Id. at 1.) The Court already has granted Booker all the relief to which he is entitled under 18 U.S.C. § 3582(c)(2) with respect to Amendments 706 and 711. Accordingly, this request shall receive no further consideration.

## II. ANALYSIS

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)

(citations omitted). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (setting forth limited circumstances wherein a federal inmate could bring a § 2241 petition challenging his conviction and sentence); In re Vial, 115 F.3d at 1194. Booker has not demonstrated that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to challenge his current detention, thus, at least with respect to Claim One, the New York Court properly determined that Booker's § 2241 should be deemed a motion under 28 U.S.C. § 2255.

In Claim One, Booker challenges the Court's initial imposition of his sentence. This Court lacks jurisdiction to entertain from Booker a second 28 U.S.C. § 2255 motion challenging the initial imposition of his sentence absent authorization from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, Claim One will be DISMISSED for lack of jurisdiction.

Claim Two, however, does not identify any error by the Court in initially imposing his sentence. Rather, Booker challenges the Court's alleged failure to modify his term of supervised release

3

when it modified his sentence under 18 U.S.C. § 3582(c)(2).[1] Such a claim is more appropriately considered as a motion for reconsideration of the Court's January 9, 2009 disposition of his motion under 18 U.S.C. § 3582(c)(2). Nevertheless, Booker is not entitled to relief with respect to this claim.

First, the Fourth Circuit concluded that such motions for reconsideration of 18 U.S.C. § 3582(c)(2) relief are not authorized. See United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir.), cert. denied, 130 S. Ct. 3530 (2010). A defendant dissatisfied with the Court's disposition of his § 3582(c)(2) motion "may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision." Id.

Second, 18 U.S.C. § 3582(c)(2) authorizes a reduction in a defendant's "term of imprisonment," but it does not authorize a reduction in a defendant's term of supervised release. 18 U.S.C. § 3582(c)(2); see United States v. Island, 336 F. App'x 759, 760-61 (9th Cir. 2009) ("By its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence."); United States v. Guess, 541 F. Supp. 2d 399, 405 (D. Me. 2008) ("Congress's use of the phrase 'term of imprisonment,' rather than the term 'sentence,' to describe what a judge can reduce under § 3582(c)(2) is a deliberate choice that precludes reducing a term of supervised release under that provision."); see

---

[1] Booker acknowledges that at the time of his original sentencing the "five year period of supervised release was appropriate." (§ 2241 Pet. 2.)

4

also, United States v. Perry, 397 F. App'x 521, 523 (11th Cir. 2010); United States v. Johnson, 291 F. App'x 505, 505 (4th Cir. 2008) (citing Guess, 541 F. Supp. 2d at 401-05). Accordingly, Claim Two and the action will be DISMISSED. To the extent that a certificate of appealability is applicable to the present action, the Court will DENY a certificate of appealability.[2]

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Booker and counsel for the United States.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 6, 2011

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Booker is entitled to further consideration in this matter.

5